UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terance Terill Bennekin, | ) | C/A No. 4:14-4128-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (Partial Summary Dismissal) |
| Kenneth Bryan Polson; | ) | |
| Niyoka Monique Stone, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed pro se by local detention center detainee. Pursuant to 28 U.S.C.

§636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to

review all pretrial matters in such pro se cases and to submit findings and recommendations to

the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district

courts should review prisoner cases to determine whether they are subject to summary

dismissal).

I.    Factual and Procedural Background

At the time he filed this case, Terance Terill Bennekin ("Plaintiff") was a pretrial

detainee housed at the Darlington County Detention Center. Compl. 2, ECF No. 1. In his

Complaint, Plaintiff alleges that the arrest that resulted in his detention in Darlington County

arose from a physical and vehicular altercation between himself and Defendant Stone, his former

girlfriend. *Id*. at 3. Plaintiff alleges that he slapped Stone and then they engaged in a car chase

with each other until Plaintiff saw blue lights in his rearview mirror and stopped in the median of

a road to surrender to police, who had joined the chase. *Id*. Plaintiff alleges that Defendant

Polson, a sheriff's deputy, hit Plaintiff's car with his police car and that the accident report made

by the South Carolina Highway Patrol contains lies from both Defendant Polson and Defendant Stone. *Id*. Plaintiff does not allege that he suffered any physical injuries from the collision, but he does allege that "false statements" from both Defendants "initiated" the arrest that took place after the collison. *Id*. at 4. He alleges that "[D]efendants['] actions were 'evil' and 'wreckless' [sic] with the intention of causing harm to me." *Id*. at 5.

According to Plaintiff's Answers to the Court's Special Interrogatories, ECF No. 20, three arrest warrants were issued by the Darlington County court system the next day (January 7, 2014), which charged Plaintiff with one count of criminal domestic violence of a high and aggravated nature and two counts of malicious injury to personal property. ECF No. 20-1. Plaintiff states that those charges were "dropped" when "A.T.F. took over case . . . ." ECF No. 20. According to this court's docket, Plaintiff is currently housed at the Hill-Finklea Detention Center in Berkeley County, South Carolina and is facing a federal charge of "unlawful transport of firearms, etc." in a criminal case filed in this court on November 5, 2014. *United States v. Bennekin*, No. 4:14-cr-00754-BHH (D.S.C.); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

Plaintiff asserts that Defendants' actions in connection with his arrest in Darlington County violated his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Compl. 2, ECF No. 1. He states that his claims are raised under 42 U.S.C. § 1983[1] and seeks declaratory and injunctive relief and punitive damages. *Id*. at 5.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the

---

*federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

3

defendant deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). The United States Constitution regulates the Government, not private parties, and a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 457 U.S. 922, 937 (1982); *see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir. 1991). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar*, 457 U.S. at 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. at 1004, the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the

4

action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority," *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), such as by reporting a crime or making statements about suspected criminal activity to police, *see, e.g.*, *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006) ("However, in the absence of a conspiracy with the police to violate constitutional rights, a business's summons of a police officer to deal with a possible disturbance, does not make it a state actor."); *Palmerini v. Burgos*, No. 10-cv-210 (FLW), 2011 WL 3625104, at *6 (D.N.J. Aug. 15, 2011) (a private person's reporting a crime is not state action); *Warner v. Sweeney*, No. 05-cv-2871 (JBS), 2005 WL 2257925, at *3 (D.N.J. Sept. 12, 2005) (same). Here, Plaintiff does not allege any particular "nexus" or unusually close relationship between Defendant Stone and Darlington County law-enforcement officials that would support any claim of "state action" in connection with the criminal activity report from Defendant Stone of which Plaintiff complains. Thus, regardless of the truth or falsity of such report, Defendant Stone was not acting under color of state law in making the report or in responding to police questioning about the events leading to Plaintiff's arrest. As a result, the Complaint under review should be partially summarily dismissed as to Defendant Stone because it fails to state a plausible § 1983 claim (or any other federal claim) against her.

IV.    Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* insofar as it seeks relief from Defendant Stone. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine

5

whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendant.

IT IS SO RECOMMENDED.

February 5, 2015                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).