UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terance Terill Bennekin, ) | |
| ) | Civil Action No. 4:14-cv-4128-BHH-KDW |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Kenneth Bryan Polson, ) | REPORT AND RECOMMENDATION |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding pro se, filed this 42 U.S.C. § 1983 action alleging that Defendant Polson violated his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.[1] This matter is before the court on Defendant Polson's ("Defendant's") Motion for Summary Judgment, ECF No. 55, filed on June 29, 2015. The court entered a *Roseboro* Order,[2] advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 56. Plaintiff filed a Response in Opposition to Defendant's Motion on July 10, 2015, ECF No. 61, and this matter is now ripe for review. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule

---

[1] Previously, the undersigned recommended that the district court partially dismiss the Complaint in this case without prejudice insofar as it sought relief from Niyoka Monique Stone, *see* ECF No. 27, because Plaintiff did not allege facts that would create a nexus between Stone and law-enforcement officials to support a "state-action" claim against her. On April 8, 2015, the district court accepted the recommendation and ordered that the Complaint in this action be dismissed without prejudice and without issuance and service of process against Stone. ECF No. 43. Defendant Polson is the only remaining Defendant.

[2] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

73.02(B)(2)(d) and (e), D.S.C. Because this Motion is dispositive, a Report and Recommendation is entered for the court's review.

  I.   Background

At the time he filed this case, Terance Terill Bennekin ("Plaintiff") was a pretrial detainee housed at the Darlington County Detention Center. ECF No. 1 at 2. In his Complaint, Plaintiff alleges that the arrest that resulted in his detention in Darlington County arose from a physical and vehicular altercation between himself and Niyoka Monique Stone, his former girlfriend. *Id.* at 3. Plaintiff alleges that he went to meet Stone at the Citi Trends parking lot in Darlington when they got into an argument. *Id.* Plaintiff admits that "out of frustration and confusion [he] back hand slapped her at that moment." *Id.* Thereafter, Plaintiff and Stone got into their respective vehicles and,

> [A]s [Plaintiff] strived to turn around to leave out of the parking lot, [he] felt [his] vehicle shift over when [he] looked out of the window, [] Stone was backing her vehicle up and the front of her car was damaged. [Plaintiff] attempted to look at the damage done to [his] vehicle but she had both hands on her steering wheel and was moving toward the side of [his] vehicle again. At this point [he] put [his] vehicle in drive and stomped the gas to avoid her hitting the drivers side again.

*Id.* at 3-4. Plaintiff alleges that after driving into the back of his car before Plaintiff pulled onto the highway, Stone drove after him down Governor's Highway. *Id.* at 4. Plaintiff maintains they engaged in a car chase with each other until Plaintiff saw blue lights in his rearview mirror and stopped in the median of a road to surrender. *Id.* Plaintiff alleges that Defendant Polson, a sheriff's deputy, hit Plaintiff's car with his police car. *Id.* Plaintiff alleges that the South Carolina Traffic Collision Report ("Traffic Report") from the accident contains lies because "[i]t states that officers struck the left side of [his] vehicle but when you look at the pictures you will see that most damage is done to the right side of [his] vehicle. They also stated that they were in the median first, but with release of the officers dash cam it will prove that, that is a lie as well." *Id.*

2

Plaintiff seeks injunctive and declaratory relief, punitive damages because "there is no doubt in [his] mind that these [D]efendants['] actions were 'evil' and 'wreckless' [sic] with the intention of causing harm to [him]." *Id.* at 5. Additionally, Plaintiff alleges that "the entire scheme of events were to cover up what really happened. [He] attempted to make statements, [he] was denied every time. [He] was even told that [he] could have given a statement if [he] didn't run." *Id.*

II.     Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 251. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v.*

*Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

   III.   Analysis

Defendant maintains that Plaintiff "does not identify what rights were violated by [him, and he] did not have any involvement in the investigation, arrest, or prosecution of the Plaintiff, and therefore, it does not appear any alleged claims arising under either the Fifth or the Sixth Amendments would apply to him." ECF No. 55-1 at 4. Specifically, Defendant argues that Plaintiff has no evidence pertaining to a claim of evidence fabrication. *Id.* Additionally, Defendant contends that to the extent Plaintiff alleges a constitutional violation under the Fourteenth Amendment based on the high speed chase, there is no evidence that Defendant intended to cause the Plaintiff any harm, much less that his actions were employed in a malicious and sadistic way. *Id.* at 5. Finally, Defendant maintains that it does not appear that Plaintiff is making a Fourth Amendment violation claim, but to the extent he is, "the facts do not support a claim for a Fourth Amendment violation." *Id.* at 6. In support of his Motion, Defendant submits his own affidavit, ECF No. 55-2, and the Video of In-Dash Camera, ECF No. 55-3, for the court's review. The undersigned will address each of Defendant's arguments in turn.

   1.   Evidence Fabrication

In Response to Defendant's Motion,[3] Plaintiff maintains that Defendant's facts are fabricated and frivolous and the video of the in-dash camera "will show and prove the same."

---

[3] In his Response Plaintiff represents that he filed an Amended Complaint "to add facts and the fact of the matter is that [Defendant] was in fact the officer who damaged [his] vehicle which resulted in [him] going to the hospital. . . ." ECF No. 61 at 2. However, the undersigned notes that there was no amended complaint filed in this case. Plaintiff may be considering the initial complaint in this lawsuit as an "Amended Complaint" because this is Plaintiff's second lawsuit filed since he was detained. *See* Civil Action Number 4:14-cv-04004-BHH (dismissing

4

ECF No. 61 at 1-2. Additionally Plaintiff represents that when he saw a patrol car ahead of him, he did the "just thing and slowed down." *Id.* at 3.

The Fourteenth Amendment protects "against deprivations of liberty accomplished without due process of law." *Baker v. McCollan,* 443 U.S. 137, 145 (1979) (internal quotation marks omitted). The Fourth Circuit has recognized a due process "right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity." *Washington v. Wilmore,* 407 F.3d 274, 282 (4th Cir. 2005) (internal quotation omitted). However, "[f]abrication of evidence alone is insufficient to state a claim for a due process violation; a plaintiff must plead adequate facts to establish that the loss of liberty— i.e., his conviction and subsequent incarceration—resulted from the fabrication." *Massey v. Ojaniit*, 759 F.3d 343, 354 (4th Cir. 2014). The plaintiff must also be able to show that, despite any intervening acts of independent decision-makers, the "conviction was a reasonably foreseeable result of [the] initial act of fabrication." *Washington,* 407 F.3d at 283. Pursuant to *Evans v. Chalmers,* "constitutional torts, like their common law brethren, require a demonstration of both but-for and proximate causation." 703 F.3d 636, 647 (4th Cir. 2012).

The undersigned recommends that Plaintiff's purported cause of action for evidence fabrication be dismissed for failure to state a claim upon which relief can be granted. In his Complaint, Plaintiff has only alleged that Defendant Polson lied in the Traffic Report to cover up what really happened. ECF No. 1. However, *Massey* and other holdings require a plaintiff plead adequate facts to establish that some loss of liberty, including a conviction or subsequent incarceration, *resulted* from the fabrication. *See* 759 F.3d at 354 (emphasis added). As alleged,

---

Plaintiff's case for failure to state a claim upon which relief may be granted against those defendants).

Plaintiff's cause of action fails to allege "both but-for and proximate causation" facts. Therefore, it fails as a matter of law.

To the extent that Plaintiff's cause of action is based on the traffic report's statement that Defendant Polson "had already established [his patrol car in] the median lane," the undersigned finds that this allegation alone is not sufficient to overcome dismissal. Trooper Thompson rather than Defendant Polson prepared the Traffic Report which appears to be in conflict with Defendant Polson's version of events. *See id.* In an affidavit submitted to the court, Defendant Polson attests that he "began moving over into the paved median to the left of Plaintiff's vehicle" in an attempt to "box in" Plaintiff's vehicle. ECF No. 55-2 at ¶¶ 6-7. Additionally, he avers that he did not have time to brake or take other evasive action before the impact occurred. *Id.* at ¶ 8. Defendant Polson represents that what he told Trooper Thompson about the collision was true and accurate. *Id.* at ¶ 13.

The undersigned has reviewed the video dash-cam evidence presented by Defendant Polson. The video evidence depicts Plaintiff's car behind a patrol car with activated blue lights and both cars are traveling down a two-lane highway. Behind Plaintiff, Defendant Polson's patrol car begins approaching at a fast speed. While still a good distance away from Plaintiff, Defendant Polson drives in the median lane. However, the median lane ends and turns into a left-turn lane prior to Defendant Polson narrowing the gap between his patrol car and Plaintiff's car, forcing Defendant Polson to veer into the left-hand lane. Defendant Polson remains in the left hand lane until he is directly behind Plaintiff.

Once the median lane is again available at this section of the highway (the undersigned notes that the median lane is very narrow and not a full car length in width at this time), Defendant Polson immediately veers left into the lane. Almost simultaneously, the video depicts

Plaintiff's car decelerate and make a sharp left turn into the median lane and the two cars collide. It is unclear from the video whether Plaintiff was attempting to make a U-turn, avoid Defendant Polson's approaching patrol car, or attempting to stop in the median lane when he slows and veers left.

The undisputed evidence reveals that Plaintiff never came to a stop until Defendant Polson's patrol car collided with Plaintiff's vehicle. Additionally, the undisputed evidence demonstrates that Defendant Polson was attempting to establish his patrol car in the median when the collision occurred. Moreover, there is no evidence that the Traffic Report, and not some other evidence, caused Plaintiff to be incarcerated. Therefore, even if the description of the collision as contained in the Traffic Report is inaccurate, there is no evidence that Plaintiff was deprived of a constitutional right because of it. Accordingly, the undersigned recommends dismissing Plaintiff's purported fabricated evidence cause of action.

2. High Speed Chase

In Response to Defendant's Motion, Plaintiff maintains that Defendant Polson was "in fact the officer who damaged [his] vehicle which resulted in [him] going to hospital after suffering pain in [his] neck and shoulders." ECF No. 61 at 2. Additionally Plaintiff represents that Defendant Polson's actions were "malicious and [r]eckless [because] he endangered not only hi[m]self as well as [Plaintiff, b]ut the driver of the tractor trailer as well as any potential traffic that may have been travelling east on Hwy 151 that morning." *Id.* Moreover, Plaintiff argues that Defendant Polson was acting on a "fabricated complaint." *Id.*

Plaintiff's Complaint can be liberally construed to include a cause of action for deprivation of his substantive due process rights. *See Cnty. of Sacramento v. Lewis*, 523 U.S.

7

833, 840 (1998).[4] In *County of Sacramento*, the Supreme Court held that "high-speed [police] chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under Fourteenth Amendment, redressible by an action under § 1983." *Id.* at 854. There, the court found that the officer's conduct did not "shock the conscience," particularly in light of a suspect's high speed driving and "race thorough traffic at breakneck speed forcing other drivers out of their travel lanes." *Id.* at 855.

Here, according to the affidavit he submitted to the court, Defendant Polson was responding to a call for back-up concerning a suspect who had fled the scene and failed to stop for blue lights on January 6, 2014. ECF No. 55-2 at ¶ 2. Furthermore. Defendant Polson attests that he understood that "in order to avoid being stopped, Plaintiff had operated his vehicle in a reckless manner, including driving at a high rate of speed and disregarding traffic signals." *Id.* at ¶ 3. Additionally, Defendant Polson represents that he observed Plaintiff's vehicle in front of him in the left lane of Highway 151, and another Sheriff's Deputy's vehicle was immediately in front of Plaintiff's vehicle. *Id.* at ¶¶ 4-5.

Based on Defendant's affidavit and the video dash-cam footage, the undersigned finds that Plaintiff has failed to put forth any evidence demonstrating that Defendant engaged in a high-speed chase intending to harm Plaintiff. Rather, the evidence demonstrates that Defendant Polson was attempting apprehend a fleeing suspect. Therefore, Plaintiff's purported substantive

---

[4] In its analysis, the Court distinguished between substantive due process claims and Fourth Amendment "seizure" claims. 523 U.S. at 842-45. There, the Court noted that "no Fourth Amendment seizure would take place where a pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit, but accidentally stopped the suspect by crashing into him." *Id.* at 844 (citing *Brower v. County of Inyo*, 489 U.S. 593, 596–597 (1989). Therefore, to the extent Plaintiff attempts to raise a Fourth Amendment violation cause of action, it fails under the facts of this case. *See e.g., Scott v. Harris*, 550 U.S. 372, 386 (2007) ("A police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death.").

due process cause of action related to the high-speed chase fails under the *County of Sacramento* criteria. Accordingly, the undersigned recommends granting Defendant Polson summary judgment on this issue and dismissing Plaintiff's cause of action.

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant Polson's Motion for Summary Judgment, ECF No. 55, be granted, and this case be dismissed.

IT IS SO RECOMMENDED.

September 2, 2015                                                    Kaymani D. West
Florence, South Carolina                                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**